UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANTHONY HAMPTON, | ) | |
| | ) | |
| Petitioner, | ) | 1:11-cv-529-SEB-TAB |
| | ) | 1:06-cr-183-SEB-KPF-1 |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Anthony Hampton ("Hampton") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

*Background*

On December 18, 2006, Hampton was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Hampton pled not guilty and proceeded to trial. On May 22, 2007, a jury found him guilty of the charge.

Hampton was sentenced to 387 months of imprisonment to be followed by five years of supervised release. On direct appeal, the Seventh Circuit affirmed the conviction but vacated the sentence and remanded for resentencing. *United States v. Hampton,* 585 F.3d 1033 (7th Cir. 2009). The Seventh Circuit held that the court erred when it classified Hampton as an armed career criminal. *Id.* at 1042-45. The Supreme Court denied Hampton's petition for writ of *certiorari* on May 24, 2010. *Hampton v. United States*, No. 09-1296, 130 S.Ct. 3345 (U.S. May 24, 2010). On June 8, 2010, on remand, Hampton was resentenced to a term of 108 months to be followed by three years of supervised release. The amended judgment was entered on June 17, 2010. Hampton filed his § 2255 motion on April 20, 2011.

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).

In his § 2255 motion, Hampton asserts that he was denied effective assistance of counsel at trial. The right to the effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Hampton to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689).

With respect to the prejudice requirement, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

Hampton contends that trial counsel was ineffective for failing to move to suppress the testimony of Keith Moore. Moore was a witness for the government who witnessed the incident that resulted in Hampton's conviction. Hampton argues that the identification testimony provided by Moore was unreliable and that counsel's failure to move to suppress the testimony constituted prejudicial deficient performance.

As pointed out by the government, trial counsel provided a vigorous defense. Counsel moved to suppress the Smith & Wesson gun Hampton was charged with possessing, but the court denied that motion. *Hampton* 585 F.3d at 1037. Counsel cross-examined Moore and elicited testimony that Moore "could not describe the people or objects pictured in photographs taken by the defense from his vantage point on the day of the incident …." *Id.* at 1042. Counsel also prevented Moore from making an in-court identification of Hampton because of Moore's distance from the scene. *Id.*

On direct appeal, Hampton argued that Moore's testimony was not credible because Moore was twenty-two floors above the scene. *Id.* at 1041. Hampton asserted that the evidence presented at trial was insufficient because the testimony offered by Moore and another witness, Smith, was inadequate to allow a reasonable jury to conclude Hampton actually possessed a gun. *Id.* at 1040. The Seventh Circuit concluded that "[t]he government presented sufficient evidence to show both constructive and actual possession of the gun." *Id.* at 1041. "Both Smith and Moore described seeing Hampton holding a gun . . .." *Id.* Officers testified that the Smith & Wesson was found in a vehicle within Hampton's reach based on where he had been seated. *Id.* The Seventh Circuit stated that "[d]espite the holes the defense poked in the witnesses' stories, the jury chose to believe their testimony, and we cannot disturb its determinations." *Id.* Even absent the testimony of Moore, sufficient evidence of actual possession of the gun existed. *Id.* ("Both Smith and Moore described seeing Hampton holding a gun . …").

Hampton has failed to show either deficient performance or prejudice in his attorney's representation. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 147 (2006) ("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue thereB*effective* (not mistake-free) representation. Counsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have).@). Hampton has not shown that counsel erred, or that even if counsel had erred, the result would probably have been different. Counsel's defense was constitutionally sufficient.

## *Conclusion*

For the reasons explained above, therefore, Hampton is not entitled to relief pursuant to 28 U.S.C. ' 2255. Hampton's motion is **denied.**

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:06-cr-0186-SEB-KPF-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Hampton has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: _04/19/2013_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anthony Hampton
08421-028
FCI Oxford
P. O. Box 1000
Oxford, WI 53952

Electronically Registered Counsel

NOTE TO CLERK:   PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.